IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONALD PALLETT,

Plaintiff,

v.

Action No. 3:09-CV-819

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant.

## **MEMORANDUM OPINION**

This matter, a review of a denial of an application for Social Security Disability Insurance Benefits, based on a finding by an Administrative Law Judge ("ALJ") that the applicant, Donald Pallett, is not disabled, is before the Court on Pallett's objections (Dock. No. 17) to the Magistrate Judge's Report and Recommendation. For the reasons stated below, the Court will OVERRULE Pallett's objections.

## **I. BACKGROUND**

The Social Security Commissioner ("Commissioner") evaluates applications for benefits according to a five-step process: asking whether an applicant (1) is performing "substantial gainful activity"; (2) is severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1; (4) could continue performing work that she did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920; see Rogers v. Barnhart, 216 F. App'x 345, 347-48 (4th Cir. 2007). If, at any step of that analysis, the Commissioner is able

1

to determine that the applicant is disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In this case, following the prescribed five-step process, the Commissioner found that (1) Pallett had not performed substantial gainful activity since the alleged onset of the disability (R. at 12); (2) he had the severe impairment of psoriatic arthritis, but that this impairment did not meet or equal any of those listed in 20 C.F.R. Part 404, Subpart P, App'x 1 (R. at 12-14); and (3) due to his impairment, Pallett was limited to light work as long as it was performed in an environment where he would not be exposed to dampness or extremely cold temperatures (R. 14-17). In step four, the Commissioner concluded that Pallett did not have the residual functional capacity ("RFC") to perform his past relevant work as a truck driver, construction worker, or equipment operator because of the exertional levels required by those jobs (R. at 17.) In step five, after considering Pallett's age, education, work experience, RFC, and the testimony of a vocational expert ("VE"), the ALJ determined that Pallett could still perform other occupations that exist in significant numbers in the national economy, such as a mail sorter or counter clerk. (R. at 17-18.) As a result, the ALJ concluded that Pallett was not disabled and thus not entitled to benefits. (R. at 19.)

The Appeals Council denied Pallett's request to review the decision, making the ALJ's decision the final decision of the Commissioner. As is his right, Pallett sought judicial review of the ALJ's decision, but it was affirmed by the Magistrate Judge, who found that

the ALJ's determinations were supported by substantial evidence and were made using the correct legal standards. Pallett now objects to the Magistrate Judge's Report & Recommendation ("R&R"), affirming the ALJ and Commissioner's decisions.

## II. STANDARD OF REVIEW

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. Id. In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. Mastro, 270 F.3d at 176.

## III. ANALYSIS

Pallett raises four objections, each of which he also brought to the Magistrate Judge's attention. He says that (1) the ALJ improperly discounted the opinion of his treating physician; (2) the Appeals Council failed to consider new and material evidence;

3

(3) the ALJ improperly evaluated his credibility; and (4) the ALJ relied upon flawed vocational expert testimony. Each of these issues is discussed in turn below.

## A. Pallett Contends the ALJ Improperly Discounted the Opinion of His Treating Physician and Failed to Further Develop the Record

Pallett contends that the ALJ improperly discounted the opinion of his treating physician, Dr. Moon. During the sequential analysis, when the ALJ determines whether the claimant has a medically-determinable severe impairment, or combination of impairments which would significantly limit the claimant's physical or mental ability to do basic work activities, the ALJ must analyze the claimant's medical records that are provided and any medical evidence resulting from consultative examinations or medical expert evaluations that have been ordered. See 20 C.F.R. § 416.912(f). When the record contains a number of different medical opinions, including the opinion of a treating physician, such as Dr. Moon, consultive examiners, or other sources that are all consistent with each other, then the ALJ makes a determination based on that evidence. See id. § 416.927(c)(2). If, however, the medical opinions are inconsistent internally with each other, or other evidence, the ALJ must evaluate the opinions and assign them respective weight to properly analyze the evidence involved. See id. § 416.927(c)(2), (d).

Under the applicable regulations and case law, a treating physician's opinion must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); 20 C.F.R. § 416.927(d)(2); SSR 96-2p. However, the regulations do not require that the ALJ accept opinions from a treating physician in every situation, such as when the physician testifies as to a legal

4

conclusion or provides an opinion that is inconsistent with other evidence or otherwise not well supported. See Jarrells v. Barnhart, No. 7:04-CV-00411, 2005 WL 1000255, at *4 (W.D. Va. Apr. 26, 2005); 20 C.F.R. § 404.1527(d)(3)-(4), (e).

Pallett argues that the ALJ improperly discounted Dr. Moon's opinion that Pallett had arthritis that causes "chronic pain and leaves him unable to work." (R. at 487.) Pallett's argument is unavailing. The applicable regulations and case law make clear that the ALJ need not blindly follow the treating physician's conclusion in all cases. Rather, those standards require the ALJ to weigh all of the evidence in the record, which often consists of medical opinions and testimony, to arrive at a conclusion. In assigning "little weight" to Dr. Moon's opinion (R. at 16-17), the ALJ believed that the doctor's opinion was inconsistent with Pallett's testimony and the medical records provided to the ALJ. See Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006). In addition to inconsistent reports from Dr. Moon, the ALJ determined that Pallett's treating specialist Dr. Moroianu had opined more than once that Pallett's health issues were under control and that there appeared to be a discrepancy between Pallet's reports of pain and the physical findings during examinations. (R. at 16-17.)

Contrary to Pallett's arguments, the ALJ did not improperly rely on the opinions of non-examining agency physicians who reviewed the record prior to the alleged onset date. The record reflects that Dr. Kadian reviewed the record on March 20, 2007, which covered Pallett's initial onset allegation of August 25, 2006 and then his subsequent onset allegation of January 1, 2007. Although Pallett again later changed the alleged onset to July 1, 2007,

another non-examining physician, Dr. Amos, reviewed the record in December of 2007, which accordingly encompassed all the relevant records in this case.

Pallett next suggests that the ALJ erred not only by arriving at the incorrect conclusion, but also by failing to further develop the record to include a functional evaluation from a treating physician before denying his claim even though, Pallett says, the ALJ specifically indicated that such evidence was necessary. Pallett's argument misinterprets the ALJ's decision. In the ALJ's comprehensive opinion, she discussed the objective medical evidence, treatment history, and Pallett's testimony before arriving at her conclusion. No where in the ALJ's decision, however, is there any indication that she arrived at her conclusion because of the absence of functional evaluations by Pallett's treating physicians. The ALJ determined that the record evidence was sufficient to make a determination, see 20 C.F.R. § 404.1512(e), but was insufficient to support Dr. Moon's legal conclusion that Pallett could not work. These conclusions were supported by substantial evidence and will not be disturbed.

## B. Pallett Contends the Appeals Council Failed to Consider New and Material Evidence

Pallett asserts that the Appeals Council erred by failing to consider new and material evidence supplied by him; namely, two functional evaluations prepared by Drs. Moon and Moroianu in May 2009, after the issuance of the ALJ's decision. The Appeals Council must consider additional evidence in deciding whether to grant review, "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990). "Evidence is new . . . if it is not duplicative or cumulative." Wilkins v. Sec'y, Dep't of Health

& Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome [of the ALJ's decision]." Id. Accordingly, the Appeals Council must consider additional evidence if it is new, material, and within the specified time period; it is not, however, required to grant review of the ALJ's decision simply because of the existence of "new," but merely cumulative evidence. Id. at 95.

In this case, Pallett has not shown that it provided new or material evidence to the Appeals Council. The functional evaluations prepared by Drs. Moon and Moroianu were cumulative, (R. at 514-20, 529-34), because they were based on the same objective medical evidence that the ALJ had already considered. See id. at 96. Moreover, it is unlikely that the evidence was material because the bases of the evaluations were already considered by the ALJ when she made the decision to deny Pallett's claim. In sum, the Appeals Council correctly declined to reconsider the ALJ's decision based on Pallett's offer of cumulative evidence.

## C. Pallett Contends the ALJ Improperly Evaluated Plaintiff's Credibility

Pallett next asserts that the ALJ failed to properly evaluate his credibility. In evaluating a claimant's subjective symptoms, the ALJ must follow a two-step analysis. Craig v. Charter, 76 F.3d 585, 594 (4th Cir. 1996); see also SSR 96-7p; 20 C.F.R. §§ 404.1529(a), 416.929(a). The first step is to determine whether there is an underlying medically determinable physical or mental impairment or impairments that reasonably could produce the individual's pain or other related symptoms. Id.; SSR 96-7p, at 1-3. The ALJ must consider all the medical evidence in the record, not just plaintiff's testimony. Craig,

76 F.3d at 594-95; SSR 96-7p, at 5, n.3; see also SSR 96-8p, at 13 (specifically stating that the "RFC assessment must be based on all of the relevant evidence in the case record") (emphasis added). If the underlying impairment reasonably could be expected to produce the individual's pain, then the second part of the analysis requires the ALJ to evaluate a claimant's statements about the intensity and persistence of the pain and the extent to which it affects the individual's ability to work. Craig, 76 F.3d at 595. The ALJ's evaluation must take into account "all the available evidence," including a credibility finding of the claimant's statements regarding the extent of the symptoms and the ALJ must provide specific reasons for the weight given to the individual's statements. Craig, 76 F.3d 595-96; SSR 96-7p, at 5-6, 11.

Here, the ALJ concluded that although Pallett's impairments caused some pain and limitations, as is represented by the ALJ's RFC determination, the record did not support Pallett's subjective claims of debilitating pain and limitations.

This Court must give great deference to the ALJ's credibility determinations. See Eldeco, Inc. v. NLRB, 132 F.3d 1007, 1011 (4th Cir. 1997). The Fourth Circuit has determined that "[w]hen factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" Id. (quoting NLRB v. Air Prods. & Chems., Inc., 717 F.2d 141, 145 (4th Cir. 1983)). Therefore, the Court must accept the ALJ's factual findings and credibility determinations unless "'a credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all.'" Id. (quoting NLRB v. McCullough Envtl. Servs., Inc., 5 F.3d 923, 928 (5th Cir. 1993)). This Court finds that Pallett has not offered any

persuasive argument that the ALJ came to an unreasonable or unsupported conclusion. The ALJ thoroughly reviewed the objective and subjective medical evidence using the proper legal standards and thus Pallett's objection as to this issue is overruled.

### D. Pallett Contends the ALJ Relied Upon Flawed Vocational Expert Testimony

Lastly, Pallett argues that the ALJ relied upon flawed vocational expert testimony in reaching his decision. This argument is premised on Pallett's first three objections. (Pallett's Objections at 6.) Because the Court has already addressed and rejected those objections, this objection must also fail.

### IV. CONCLUSION

Because the Court finds that the ALJ applied the correct legal standards and came to a conclusion supported by substantial evidence, Pallett's objections are OVERRULED and the Magistrate Judge's Report and Recommendation (Dock. No. 16) is ADOPTED as the ruling of this Court. Thus, Pallett's Motion for Summary Judgment (Dock. No. 6) and Motion to Remand (Dock. No. 7) are DENIED, the Commissioner of Social Security's Motion for Summary Judgment (Dock. No. 11) is GRANTED, and the Commissioner's decision denying benefits to Pallett is AFFIRMED.

Let the Clerk send a copy of this memorandum to all counsel of record. An appropriate order will issue.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

Entered this 7th day of July 2010